```
                    UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF PENNSYLVANIA


                              .
UNITED STATES OF AMERICA,     .
                              .    Case No. 16-CR-00441
              Complainant,    .         16-CR-00087
                              .    601 Market Street
         vs.                  .    Philadelphia, PA 19106
                              .    August 4, 2017
MARQUISE BELL,                .    2:06 p.m.
                              .
              Defendant.      .
. . . . . . . . . . . . . .   .


              TRANSCRIPT OF GUILTY PLEA HEARING
         BEFORE THE HONORABLE EDUARDO C. ROBRENO
              UNITED STATES DISTRICT JUDGE




APPEARANCES:

For the Government:      Maureen McCartney, Esq.
                         Assistant U.S. Attorney
                         OFFICE OF THE U.S. ATTORNEY
                         615 Chestnut Street, Suite 1250
                         Philadelphia, Pennsylvania 19106


For the Defendant:       George Henry Newman, Esq.
                         GEORGE H. NEWMAN & ASSOCIATES, PC
                         100 South Bend Street
                         Land Title Building - Suite 2126
                         Philadelphia, Pennsylvania 19110




Audio Operator:          Electronically Recorded
                         by Chris Kurek, ESR

Transcription Company:   JDR Acquisition, LLC/
                         Advanced Transcription
                         1880 John F. Kennedy Boulevard
                         6th Floor
                         Philadelphia, Pennsylvania 19103
                         (855)204-8184


Proceedings recorded by electronic sound recording,
transcript produced by transcription service.
```

INDEX

Page

VOIR DIRE EXAMINATION OF DEFENDANT            3,18,20

SUMMARY OF FACTS OF CASE BY MS. MCCARTNEY          15

SENTENCING MINIMUMS/MAXIMUMS BY MS. MCCARTNEY       19

PLEA                                          24

COURT DECISION                                25

1          (Proceedings commence at 11:20 a.m.)

2          (Call to order of the Court)

3               THE COURT:  Good afternoon.

4               MR. NEWMAN:  Good afternoon, Your Honor.

5               MS. MCCARTNEY:  Good afternoon, Your Honor.

6               THE COURT:  Please be seated.  And thank you for

7     accommodating our schedule to an earlier time.

8               The purpose of the proceeding today is for the

9     defendant to change his previously entered plea, and to enter

10    a plea to an indictment.

11              Would the defendant and counsel please come

12    forward?

13              Would the clerk swear the defendant?

14              THE CLERK:  Please raise your right hand.

15    MARQUISE BELL, DEFENDANT, SWORN.

16              THE CLERK:  Please state your name for the record.

17              THE DEFENDANT:  Marquise Bell.

18                        VOIR DIRE EXAMINATION

19    BY THE COURT:

20    Q    Good afternoon, Mr. Bell.  How old are you?

21    A    Twenty-six years old.

22    Q    And how far did you go in school?

23    A    Graduated.

24    Q    From high school?

25    A    Yes.

1    Q    Okay.  Where did you go to high school?

2    A    Arlene Lissner High School.

3    Q    Okay.  Here in Philadelphia?

4    A    No.

5    Q    Where?

6    A    Marienville, Pennsylvania.

7    Q    Okay.  Would you keep your voice up?  Because these

8    matters are being recorded, so we need to be sure that your

9    answers are recorded.

10   A    Sure.

11   Q    So I take it that you can read and write the English

12   language?

13   A    Yes, sir.

14   Q    Okay.  Are you -- where were you born?

15   A    Philadelphia.

16   Q    And are you a Citizen of the United States?

17   A    Yes.

18   Q    Okay.  Have you taken any drugs, medicines, or pills in

19   the last 24 hours, or have your drunk any alcoholic beverages

20   in the last 24 hours?

21   A    No, sir.

22   Q    Have you ever been hospitalized or treated for mental

23   illness or narcotic addiction?

24   A    No, sir.

25   Q    Are you currently, or have you recently been under the

1    care of a physician or psychiatrist?

2    A    A therapist came to my unit to talk to me, but she never

3    came back.

4    Q    Okay.  How do you feel today, physically?

5    A    Fair.

6    Q    Okay.  Have you been able to understand my questions, so

7    far?

8    A    Yes, sir.

9    Q    Okay.  Did you speak to your lawyer today?

10   A    Yes, sir.

11   Q    Were you able to understand what he was telling you?

12   A    I'm going to say yes.

13   Q    Okay.  Is it -- how long did you speak with him.

14   A    For about five, ten minutes.

15   Q    Okay.  But you've spoken to him before today.

16   A    Yes.

17   Q    Okay.  Okay.  Now do you understand that you have a

18   right to be represented by an attorney at every stage of the

19   proceedings against you; and, if you cannot afford the

20   services of an attorney to try your case, one will be

21   appointed to represent you?

22   A    Yes, sir.

23   Q    Do you have an attorney today?

24   A    Yes, sir.

25   Q    What is his name?

1    A      George Newman.

2    Q      Okay.  Have you discussed your case with Mr. Newman?

3    A      Yes.

4    Q      Okay.  And are you satisfied with his representation so

5    far?

6    A      Yes.

7    Q      Okay.  Have you received a copy of the indictment; that

8    is, the written charges made against you by the Grand Jury in

9    this case?

10   A      Yes, sir.

11   Q      And did you talk to -- with Mr. Newman about those

12   charges?

13   A      Yes, sir.

14   Q      I'm going to summarized them for you.  You are charged

15   in Case 16-441 with possession of ammunition by a convicted

16   felon, in violation of Title 18, United States Code, Section

17   922(g).  And you are charged in another case, in case 17-87,

18   with robbery, which interferes with interstate commerce, in

19   violation of Title 18, United States Code, Section 1951(a).

20   Do you understand those to be the charges against you?

21   A      Yes, sir.

22          THE COURT:  Now, Ms. McCartney, is there a plea

23   agreement in this case?

24          MS. MCCARTNEY:  There is not, Your Honor.

25          THE COURT:  Okay.  Thank you.

1    BY THE COURT:

2    Q    I'm going to discuss with you now, Mr. Bell, the rights

3    that you will be giving up by pleading guilty in this case.

4    The suggests answers to my questions are:  Yes, no, or I

5    don't understand.  And then I will explain it to you, if you

6    so wish.  So let me begin, and this will take about 15

7    minutes.

8         Do you understand that, by pleading guilty, you're

9    giving up the right to challenge the indictment returned

10   against you in the Grand Jury proceedings, which were used in

11   obtaining the indictments?

12   A    Yes, sir.

13   Q    Do you understand that you are entitled to plead not

14   guilty?

15   A    Yes, sir.

16   Q    Do you understand that you have a right to be tried by a

17   jury or by a judge without a jury if you do not plead guilty?

18   A    Yes, sir.

19   Q    Do you understand that, if you do not plead guilty, you

20   could participate in the selection of the jury at trial?

21   A    Yes, sir.

22   Q    Do you understand that, if you went to trial, you would

23   have the right to be tried with the assistance of a lawyer?

24   A    Yes, sir.

25   Q    Do you understand that, if you went to trial, you'd be

1     presumed innocent, the Government would be required to prove

2     you guilty by competent evidence and beyond a reasonable

3     doubt, and that you would not have to prove that you were

4     innocent?

5     A     Yes, sir.

6     Q     Do you understand that, if you went to trial, witnesses

7     for the Government would have to come to court and testify in

8     your presence, that you would have a right to confront those

9     witnesses, that your attorney could cross-examine the

10    witnesses for the Government, object to evidence offered by

11    the Government, and offer evidence on your behalf?

12    A     Yes, sir.

13    Q     Do you understand that, by pleading guilty, you are

14    giving up the right to challenge the manner in which the

15    Government obtained evidence against you in these cases; and

16    that that evidence may include admissions or confessions made

17    by you, physical evidence, wiretap evidence, or

18    identification evidence?

19    A     Yes, sir.

20    Q     Do you understand that, if you went to trial, you will

21    have the right to subpoena and compel the attendance of

22    witnesses, and that you would have the right to present

23    evidence, including character witnesses, whose testimony

24    could raise a reasonable doubt?

25    A     Yes, sir.

1   Q    Do you understand that, if you went to trial, while you

2   will have the right to testify if you chose to do so, you

3   also would have the right not to testify, and no inference or

4   suggestion of guilt could be drawn from the fact that you did

5   not testify?

6   A    Yes, sir.

7   Q    Do you understand that you have a right not to be

8   compelled to incriminate yourself?

9   A    I don't understand what you said.

10            THE COURT:  Mr. Newman, do you want to discuss that

11   with Mr. Bell off the record?

12            MR. NEWMAN:  Sure.

13        (Defendant and counsel confer)

14            THE DEFENDANT:  Yes, sir.

15   BY THE COURT:

16   Q    Let me repeat the question.  Do you understand that you

17   have a right not to be compelled to incriminate yourself;

18   that is, to force you to testify at trial?

19   A    Yes, sir.

20   Q    Do you understand that your attorney could argue to the

21   jury or to the Court on your behalf and against the

22   Government's case?

23        (Defendant and counsel confer)

24   BY THE COURT:

25   Q    If you went to trial --

1    A    Yes, sir.

2    Q    -- your attorney could argue to the jury or to the Court

3    on your behalf, and against the Government's case.

4    A    Yes, sir.

5    Q    Do you understand that you can only be convicted by a

6    jury which unanimously found you guilty?

7    A    Yes, sir.

8    Q    If you went to trial, and you were found guilty, do you

9    understand that you will be able to appeal the verdict to an

10   appellate court, that you could have a lawyer represent you

11   on the appeal, and that the Appellate Court might reverse a

12   conviction?

13   A    Yes, sir.

14   Q    Now, specifically as to this case, if you plead guilty,

15   and I accept your plea, do you understand that you are

16   waiving -- meaning giving up forever -- your right to a

17   further trial of any kind, as well as any other rights I have

18   discussed with you, and that there will be no trial?

19   A    Yes, sir.

20   Q    Do you understand that, if you plead guilty, I will

21   enter a judgment of guilty, and sentence you on the basis of

22   your guilty plea, taking into account the advice of the

23   sentencing guidelines, and based on the factors set forth in

24   Title 18, United States Code, Section 3553, and the

25   presentence investigation report?

1          (Defendant and counsel confer)

2     Q     Okay.  Let me repeat it for you.  Do you understand

3     that, if you plead guilty, I will enter a judgment of guilty,

4     and that I will then sentence you on the basis of your guilty

5     plea, taking into account the advice of the sentencing

6     guidelines, and based on the factors set forth in Title 18,

7     United States Code, Section 3553, and the presentence

8     investigation report?

9     A     Yes, Your Honor.  May I ask you a question?

10    Q     Yes.

11    A     So what me and my lawyer was talking about, about my

12    guidelines, that's not the same thing as -- as you're talking

13    about, sir?

14    Q     What are the guidelines in this case, the proposed

15    guidelines -- and again, we will know -- we will not know

16    exactly what the guidelines are until the presentence

17    investigation report is generated, and then you'll get an

18    opportunity to object.  But your lawyer certainly has advised

19    you of what he calculates the guidelines to be.

20               THE COURT:  Mr. Newman?

21               THE DEFENDANT:  But he had told me it was --

22               MR. NEWMAN:  No, you don't have to get into what I

23    told you.

24          (Defendant and counsel confer)

25               THE COURT:  Yeah, let me Newman answer that.

1              MR. NEWMAN:  Pardon?

2              THE COURT:  Tell me, what would you -- what would

3      you calculate the proposed guidelines to be?

4              MR. NEWMAN:  The -- tentatively, Your Honor, we --

5      I concluded that they were 37 to 46 months.  He's an offense

6      level of 17.  I don't think there are any enhancements, and

7      he's --

8              THE COURT:  He's at the Offense Level 17?

9              MR. NEWMAN:  I believe the offense level would --

10             THE COURT:  And how about criminal history

11     category?

12             MR. NEWMAN:  Would be 4.

13             THE COURT:  Okay.

14             MR. NEWMAN:  And so the guidelines are 37 to 46.

15     And I told Mr. Bell that that's not a guarantee that those

16     are the guidelines, that the Probation Office will look at

17     them, they may come to a different conclusion.  But I am

18     reasonably confident those are the guidelines.

19             THE COURT:  Okay.

20             MR. NEWMAN:  But I cannot guarantee that they will

21     --

22             THE COURT:  You cannot guarantee it.

23     BY THE COURT:

24     Q    And it will be, ultimately up to the Court to decide

25     your guidelines.  Now a presentence report will be generated,

1   and you'll have an opportunity to either agree with it or

2   object to it, and then I will make the final determination.

3   Do you understand that?

4   A    Yes, sir.

5   Q    Okay.  So let me ask you this again then.  Do you

6   understand that, if you plead guilty, I will enter a judgment

7   of guilty and sentence you on the basis of your guilty plea,

8   taking into account the advice of the sentencing guidelines,

9   and based on the factors set forth in Title 18, United States

10  Code, Section 3553, and the presentence investigation report?

11  A    Yes, sir.

12  Q    Okay.  If you plead guilty, do you understand that I may

13  ask you questions about what you did, in order to satisfy

14  myself that you're guilty as charged?

15  A    Yes, sir.

16  Q    Do you understand that you're pleading guilty to the

17  following crimes:  In Case 16-441, you are pleading guilty to

18  possession of ammunition by a convicted felon, in violation

19  of Title 18, United States Code, Section 922(g).  And in Case

20  17-87, you are pleading guilty to robbery, which interferes

21  with interstate commence, in violation of Title 18, United

22  States Code, Section 1951(a).  Do you understand those to be

23  the crime to which you are pleading guilty today?

24  A    Yes, sir.

25  Q    Do you understand that the essential elements of the

1    crimes to which you are pleading guilty today, and which the

2    Government would have to prove at trial beyond a reasonable

3    doubt, are the following:

4          As to the possession of ammunition by a convicted felon,

5    there are three elements:

6          One, the defendant has been convicted of a crime

7    punishable by more than one year in prison.

8          Two, the defendant knowingly possessed the ammunition.

9          And three, the ammunition was possessed in or affecting

10   commerce.

11         As to the robbery, which interferes with interstate

12   commerce, there are three elements:

13         One, the defendant has been convicted of a crime

14   punishable by more than one year in prison.

15         Two, the --

16         (Court and court personnel confer)

17         (Defendant and counsel confer)

18   BY THE COURT:

19   Q    Yeah, let me -- as to the robbery, which interferes with

20   interstate commerce, disregard what I previously said, and

21   now I will tell you the three elements of the robbery, which

22   interferes with interstate commerce:

23         One, the defendant obtained or took the personal

24   property of another, or from the presence of another.

25         Two, the defendant took this property against the

1    victim's will, by means of actual or threatened force,

2    violence, or fear of injury, whether immediately or in the

3    future, to his personal property or property in his custody.

4        And three, as a result of the defendant's actions,

5    interstate commerce, or any item moving in interstate

6    commerce, was delayed, obstructed, or affected in any way or

7    degree.

8        Do you agree that these are the elements of the crimes

9    to which you are pleading guilty today?

10   A    Yes, sir.

11           THE COURT:  Okay.  Would the Assistant United

12   States Attorney now please summarize the factual basis for

13   this plea?

14           MS. MCCARTNEY:  Yes, Your Honor.  If we had gone to

15   trial, the Government would have presented the following

16   facts:

17           On September 1st, 2015, at approximately 7:35 p.m.,

18   this defendant and his coconspirator Samuel Robinson entered

19   the Metro PCS cell phone store, located at 4229 North Broad

20   Street, in Philadelphia, Pennsylvania.  They entered the

21   business wearing stockings, to obscure their faces,

22   brandished a weapon appearing to be a firearm, and

23   immediately walked behind the cash register counter.

24           Defendant Bell grabbed the store employee by the

25   neck, aimed the firearm at his neck, and threw him to the

ground.   Coconspirator Robinson detained a customer who was

present in the store at the time.   As the employee lay on the

ground, Bell removed cash from the register.   And when the

employee attempted to grab Bell's arms to halt the theft,

Bell struck the employee with the weapon, breaking off a

piece of that in the process.   Realizing that the firearm was

fake, the employee stood up, and again attempted to halt the

robbery.

As Bell and the employee struggled, Bell pushed the

employee away, and he and Robinson feld the building with

approximately $1,000.   As he fled, Bell dropped his hat.

Philadelphia Police, who responded to the scene, recovered

the hat and preserved it for subsequent DNA testing.

At the time of the robbery, the Metro PCS store

sold cellular telephones and other goods purchased, produced,

and manufactured outside the State of Pennsylvania.

Subsequent to the recovery of the discarded hat, a

warrant was obtained to seize Bell's DNA.   And on September

30th, 2016, in an effort to execute that DNA warrant, FBI

agents, task force officers, and Philadelphia Police Officers

traveled to Bell's residence at 3222 West Montgomery Avenue

in Philadelphia.

Once at the house, they spoke with Mr. Bell's

uncle, who advised them that he was in his bedroom, on the

third floor, at the back of the residence.   When the agents

reached Bell's room, they realized he was gone.  However, the
room smelled of recent cigarette smoke, as if someone had
just been smoking inside the room.

The agents looked outside the window and saw Mr.
Bell curled up in a ball in the corner of the roof,
attempting to hide.  He appeared to be using his cell phone,
and was only partially clothed, despite the fact that it was
raining.  Beside him was a large plastic bag, and protruding
from that bag was a cardboard box, marked "Winchester," which
the experienced agents recognized as a box for Winchester
bullets.  Bell was arrested, and inside the bag, agents found
the following:

Two loose .45 caliber rounds marked "TZZ87."

Thirty loose rifle rounds marked "POF6777."

Two loose Winchester .38 special full metal jacket
rounds.

Twelve Winchester .38 special full metal jacket
rounds, inside of a Winchester ammunition box.

Eight Remington 12 gauge paper-wrapped shotgun
shells stamped "long range."

One Sears 12 gauge seven and a half shotgun shell.

Three Remington 12 gauge seven and a half shotgun
shells.

Five Federal 12 gauge zero zero buckshot gun
shells.

1          The Government would produce evidence that all of

2     these rounds of ammunition were manufactured outside the

3     State of Pennsylvania.

4          After Mr. Bell was arrested, agents applied for a

5     second warrant to search his bedroom, and during that search,

6     they uncovered component parts to an Uzi conversion kit, used

7     to upgrade a nine-millimeter Uzi submachine gun to a .45

8     caliber firearm, and .45 caliber ammunition, also

9     manufactured outside the State of Pennsylvania, that would

10    fit the Uzi submachine gun was also found within the seized

11    white bag possessed by Bell.

12         The Government would also present evidence that

13    would establish that, at the time Mr. Bell possesses the

14    above-reference ammunition, he had previously been convicted

15    of a crime punishable by more than one year in jail.

16         That's a summary of the evidence that the

17    Government would have produced, had we gone to trial, Your

18    Honor.

19                    FURTHER VOIR DIRE EXAMINATION

20    BY THE COURT:

21    Q    So, Mr. Bell, do you understand that you have a right to

22    have the facts just stated by the Assistant United States

23    Attorney, as they relate to both the -- 16-441, the

24    possession count, the possession case, and 17-87, the robbery

25    case, submitted to a jury and proved beyond a reasonable

1    doubt?

2    A    Yes, sir.

3    Q    Do you understand that, if you were to agree that the

4    Assistant United States Attorney has correctly and accurately

5    summarized the factual basis for the plea, you would be

6    admitting to those facts, and those facts may be considered

7    by the Court to enhance your criminal history category and/or

8    total offense level, and for any other reason during the

9    sentencing phase of this case?

10   A    Yes, sir.

11   Q    In light of those circumstances, do you agree that the

12   Government has correctly and accurately summarized the facts

13   of the case against you, in both 16-441 and 17-87?

14   A    Yes, sir.

15          THE COURT:   Would the Assistant United States

16   Attorney please state the maximum penalty, and include any

17   mandatory minimums, fines, and special assessments applicable

18   to this case?

19          MS. MCCARTNEY:   Yes, Your Honor.   For violating 18,

20   United States Code, 922(g), possession of ammunition by a

21   convicted felon, the defendant faces a statutory maximum of

22   10 years imprisonment, up to 3 years of supervised release, a

23   two-hundred-and-fifty-thousand-dollar fine, and a hundred-

24   dollar special assessment.

25          For violating 18, United States Code, 1951(a),

1    Hobbs Act robbery, the defendant faces a statutory maximum of

2    20 years in jail, three years of supervised release, a two-

3    hundred-and-fifty-thousand-dollar fine, and a one-hundred-

4    dollar special assessment.

5               There are no mandatory minimums applicable to these

6    charges, Your Honor.

7                      FURTHER VOIR DIRE EXAMINATION

8    BY THE COURT:

9    Q    Mr. Bell, do you understand the maximum penalty to be as

10   just stated by the Assistant United States Attorney?

11   A    Yes, sir.

12   Q    Has your attorney discussed with you the sentencing

13   guidelines?

14        (Defendant and counsel confer)

15   A    Yes, sir.  Yes.

16   Q    Do you understand that the sentencing guidelines are now

17   advisory, and are not binding upon the Probation Office, nor

18   the Court?

19        (Defendant and counsel confer)

20   A    Yes, sir.

21   Q    Okay.  So you understand that the advisory guidelines,

22   which, tentatively, your lawyer suggested may be in the range

23   of 37 to 46 months, are advisory; that means that they are

24   suggested to the Court, those or whatever guidelines the

25   probation officer reports.  But it is, ultimately, up to me

1    to determine what your sentence will be, so long as it falls

2    below the statutory maximum.  Do you understand that?

3    A    Yes, sir.

4    Q    Okay.  So do you understand that the Court will not be

5    able to determine how the advisory sentencing guidelines will

6    apply in these cases until after the presentence report is

7    completed, and you and the Government had an opportunity to

8    challenge the facts reported by the probation officer?

9         (Defendant and counsel confer)

10   A    Yes, sir.

11   Q    Do you understand that the Court, in appropriate

12   circumstances, and in light of the factors contained in Title

13   18, United States Code, Section 3553, impose a sentence which

14   is either more severe or less severe; that is, higher or

15   lower, than the sentence which the advisory guidelines

16   recommend?

17   A    Yes, sir.

18   Q    Do you understand that parole has been abolished, and

19   that you will not be released on parole if you are sent to

20   prison?

21        (Defendant and counsel confer)

22   A    Yes, sir.

23   Q    Do you understand that, if you are sent to prison, a

24   term of supervisory release will be imposed when you are

25   released from prison?

1   A    Yes, sir.

2   Q    In summary, have you discussed with your attorney your

3   charges, your right to contest them, and the maximum possible

4   penalty?

5       (Defendant and counsel confer)

6   Q    Let me repeat that question.  Have you discussed with

7   your attorney, with Mr. Newman, the charges, your right to

8   contest those charges, and the maximum possible penalty that

9   you may receive in these cases?

10   A    Yes, we talked about it.

11   Q    Okay.  Do you have any questions?

12       (Defendant and counsel confer)

13   A    No, sir.

14   Q    Okay.  Do you understand that, by pleading guilty and by

15   waiving the rights I have discussed with you, you cannot

16   later come to any court or to this Court, and claim that you

17   were not guilty, or that your rights have been violated?

18   A    Yes, sir.

19   Q    Has anybody threatened you, coerced you, or forced you,

20   in any way, to plead guilty in this case?

21   A    No, sir.

22   Q    Okay.  Do you have any agreement, including any plea

23   agreement, with the Government in this case, that has not

24   been disclosed?

25       (Defendant and counsel confer)

Bell - Voir Dire                    23

1    A    No.  No, sir.

2    Q    Have -- this is the final question.  Having heard from

3    me what your rights are if you plead not guilty, and what may

4    happen if you plead guilty, do you want to plead guilty in

5    these cases, both cases?  And that's 16-441 and 17-87.  Do

6    you want to plead guilty or do you want to plead not guilty?

7    A    Pleading guilty.

8    Q    As to both cases?

9    A    Yes, sir.

10            THE COURT:  Do either the attorney for the

11   Government or the defendant have any doubt as to the

12   defendant's competence to enter a plea.  Government Counsel?

13            MS. MCCARTNEY:  No, Your Honor.

14            THE COURT:  Defense counsel?

15            MR. NEWMAN:  No.  No, sir.

16            THE COURT:  Are counsel satisfied that the

17   willingness to plead guilty is voluntary, that a guilty plea

18   is not based on any agreement, which was entered into by the

19   defendant and the Government; that the guilty plea has been

20   made with a full understanding by the defendant of the nature

21   of the charges, the maximum penalty provided by law, and of

22   the defendant's legal right to contest those charges, and

23   that there is a factual basis for the plea?  Government

24   Counsel, are you satisfied?

25            MS. MCCARTNEY:  Yes, Your Honor.

24

1              THE COURT:  Defense counsel?

2              MR. NEWMAN:  Yes, Your Honor.

3              THE COURT:  Do the attorneys for the Government or

4      the defendant have any questions before the Deputy Courtroom

5      Clerk takes the new plea?

6              MR. NEWMAN:  No, Your Honor.

7              MS. MCCARTNEY:  No, Your Honor.

8              MR. NEWMAN:  No, sir.

9              THE COURT:  Okay.  Mr. Bell, you have an

10     opportunity to speak to the Court at the time of sentencing.

11     But if there's anything that you would like to say at this

12     time, or any questions that you would like to ask -- and I'm

13     not suggesting that you should say anything or do anything at

14     this time.  But if you want to, I want to give you an

15     opportunity to say so now.

16          (Defendant and counsel confer)

17              THE DEFENDANT:  No, sir.

18              THE COURT:  Okay.  The Clerk will now take the

19     pleas.

20              THE CLERK:  Marquise Bell, you have, heretofore,

21     pled not guilty to Criminal Indictment Number 16-441,

22     consisting of one count, charging you with one count of

23     possession of ammunition by a convicted felon, in violation

24     of Title 18, United States Code, Section 922(g)(1).  How say

25     you, guilty or not guilty?

1          THE DEFENDANT:  Guilty.

2          THE COURT:  Okay.

3          THE CLERK:  In addition, you have, heretofore, pled

4     not guilty to Criminal Indictment Number 17-87, consisting of

5     one count, charging you with one count of robbery, which

6     interfered with interstate commerce, in violation of Title

7     18, United States Code, Section 1951(a)(2).  Now how say you,

8     guilty or not guilty?

9          THE DEFENDANT:  Guilty.

10          THE COURT:  I find that the defendant is competent

11     to change his previous plea and to enter informed pleas; that

12     his plea of guilty in both cases is voluntary, and not the

13     result of force or threat or promises; that there is a

14     factual basis for the plea of guilty; that there is no

15     agreement between the defendant and the Government concerning

16     the disposition of this case; that the defendant understands

17     the charges as they arise and the maximum possible penalty;

18     and that the defendant understands that he is waiving his

19     right to a trial.

20          The Court accepts the guilty plea on both cases; on

21     16-441 and 17-87.  And the defendant is now adjudged guilty

22     in both cases.

23          I will order a presentence investigation report by

24     the Probation Department, and the defendant and counsel will

25     have an opportunity to read and comment upon the report

1    before the date of the sentencing hearing.  The defendant and

2    counsel will also have an opportunity to speak to the Court

3    at the time of the sentencing hearing.

4            Sentencing is set for November 20th of the year

5    2017, at 9 a.m., in Courtroom 15A of this courthouse, or in

6    such other courtroom as may be designated on that date.

7         (Defendant and counsel confer)

8            THE COURT:  So, Ms. McCartney, anything further

9    today?

10           MS. MCCARTNEY:  No, Your Honor.

11           THE COURT:  Mr. Newman?

12           MR. NEWMAN:  If I may just have one moment --

13           THE COURT:  Yes.

14           MR. NEWMAN:  -- Your Honor?

15           THE COURT:  Sure.

16        (Defendant and counsel confer)

17           MR. NEWMAN:  Judge, just one other thing --

18           THE COURT:  Yes.

19           MR. NEWMAN:  -- I want to bring up.  There's

20   certainly no issue regarding competency, but my client is

21   depressed.

22           THE COURT:  Yes.

23           MR. NEWMAN:  I mean, there's just no question that

24   he is; I've seen this before, the monosyllabic answers.  So,

25   if there's some way we could get some kind of examination of

1    him by a clinician --

2              THE COURT:  Okay.

3              MR. NEWMAN:  -- if Your Honor could order that.

4    And he's agreeable --

5              THE COURT:  Yeah.

6              MR. NEWMAN:  -- I just consulted with him, but --

7              THE COURT:  Yeah.  Well, I think that what I would

8    do -- I don't know if I can order it, if it's not a

9    competency issue, but I think I would strongly suggest it,

10   that the detention center do that.

11             And maybe, Ms. McCartney, could you assist on that,

12   passing on that word?

13             MS. MCCARTNEY:  I'm happy to call the legal counsel

14   --

15             THE COURT:  Yes.

16             MS. MCCARTNEY:  -- for the BOP --

17             THE COURT:  Uh-huh.

18             MS. MCCARTNEY:  -- and loop her into our

19   discussions here, and the Court's desire for him to have some

20   treatment.

21             THE COURT:  Yes.

22             MS. MCCARTNEY:  Yes.

23             THE COURT:  Okay.  So, Mr. Newman, Ms. McCartney

24   will effectuate this, check with her in a week or so and see

25   how we're doing.  But it's my recommendation that the

1   defendant be afforded mental health assistance or treatment -

2   -

3               MR. NEWMAN:  I think that would help a lot.

4               THE COURT:  -- under the circumstances of this

5   case, with the understanding that that's not a suggestion of

6   incompetency at this time, but it's -- I think that's a very

7   reasonable and fair suggestion.

8               MR. NEWMAN:  I think it will assist the Court in

9   fashioning a sentence --

10              THE COURT:  Okay.

11              MR. NEWMAN:  -- knowing what his psychological

12  state is.

13              THE COURT:  Fine.

14              MR. NEWMAN:  So I appreciate that.

15              THE COURT:  Very well.

16              MR. NEWMAN:  Thank you very much, Your Honor.

17              THE COURT:  Thank you.  The hearing is adjourned.

18  The defendant is remanded at this time.

19              MS. MCCARTNEY:  Thank you, Your Honor.  Have a nice

20  weekend.

21              THE COURT:  Thank you.

22              THE COURT OFFICER:  All rise.

23       (Proceedings concluded at 2:36 p.m.)

24                              *****

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter to the best of our knowledge and ability.

_____          February 7, 2018

Coleen Rand, AAERT Cert. No. 341

Certified Court Transcriptionist

For JDR Acquisition, LLC/

Advanced Transcription